Roy D. Gross
The Roy Gross Law Firm, LLC
138 Old Kings Highway
Wilton, Connecticut 06897
Telephone: (203) 423-0235
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOSHIK NADAV,<br>MOSHIK NADAV TYPOGRAPHY LLC, | Civil Action No. 1:16-cv-9838 |
| Plaintiff, | COMPLAINT |
| v. | **JURY TRIAL DEMANDED** |
| GENESH PRODUCTIONS LLC,<br>CHERILYN SARKISIAN,<br>WARNER BROS. RECORDS,<br>SMOG DESIGN INC.,<br>RYAN COREY | |
| Defendants. | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiffs, Moshik Nadav and Moshik Nadav Typography LLC (hereinafter, "Plaintiffs" or "Nadav"), by and through their attorneys, The Roy Gross Law Firm, LLC, as and for their Complaint against the Defendants, Genesh Productions LLC (hereinafter, "Genesh"), Cherilyn Sarkisian (hereinafter, "Cher"), Warner Brothers Records (hereinafter, "WB"), Smog Design Inc. (hereinafter, "Smog") and Ryan Corey (hereinafter, "Corey") (collectively, "Defendants"), hereby allege as follows:

## SUMMARY AND THE NATURE OF THE ACTION

1. Plaintiff Nadav, a well-known graphic designer and a leading figure in the world of typography, created the *Paris Logo* in 2011 and the *Paris Pro Logo* in 2012 (collectively, "the *Paris Logos*").[1] The *Paris Logos* have a unique artistic style which is distinct to Nadav. The *Paris Logos* include artistic elements such as swashes having various thicknesses, end drops and unique lettering that provide the *Paris Logos* with an aesthetic look and feel that Nadav's clients, graphic designers and the public at large associate with Nadav and his business, Moshik Nadav Typography LLC.

2. The *Paris Logos* have drawn considerable accolades from the graphic design community and have been profiled on important graphic design websites (such as Behance.com) typography design magazines (such as Slanted), fashion magazines (such as VOGUE), as well as on Nadav's website and Facebook page.

3. After the *Paris Logos* were published, Defendants, having access to the *Paris Logos*, copied the artistic elements from the *Paris Logos* and used these copied elements to create the *Cher Logo* and the *Closer to the Truth Logo* (collectively "the *Cher Logos*").

4. The *Cher Logos* are prominently displayed on the album cover of the "Closer to the Truth" studio album released on September 20, 2013.[2, 3] The *Cher Logos* are strikingly and substantially similar to the *Paris Logos*.[4]

---

[1] The *Paris Logos* are protected via U.S. Copyright Registration Nos. VA 1-909-907 and VA 1-924-955, respectively.

[2] The "Closer to the Truth Alum" is a largely successful album that sold over two hundred thousand copies in the U.S. and over five hundred thousand copies worldwide.

[3] Defendants also sold additional singles that display the infringing *Cher Logo*. These singles include "Take It Like a Man" in 2013; "I Hope You Find It / Woman's World" in 2013; "Take It Like a Man (Remixes)" in 2014; and "I Walk Alone (Remixes)" in 2014.

[4] Submitted herewith is a Declaration of graphic designer Rafael Esquer ("Esquer Declaration") outlining the substantial similarity of the *Paris Logos* and the *Cher Logos*.

5. Upon learning of the copied *Cher Logos*, Nadav approached Defendants Genesh and Cher to resolve a potential copyright dispute between the parties. Nadav offered to enter into meaningful discussions to bestow a license to Defendants, which would compensate Nadav for past infringement and for future use of the copied artistic elements from the *Paris Logos*.

6. As part of his pre-lawsuit investigation, Nadav asked Genesh and Cher to reveal the identity of the graphic designer and to provide materials used to create the *Cher Logos*. Despite multiple requests, Genesh and Cher for months hid the identity of the designer and refused to provide the materials used to create the *Cher Logos* – materials, which will demonstrate the access and copying of the *Paris Logos* by Cher's designer.

7. Through his own extensive due diligence, Nadav subsequently identified Defendants Smog and Corey to be the designers of the *Cher Logos*. Nadav requested that Smog and Corey provide materials used to create the *Cher Logos*, but was also rejected by these Defendants. To date, no materials used to create the *Cher Logos* have been provided to Nadav.

8. Meanwhile, Defendants have continued to market and sell copies of the "Closer to the Truth" studio album since being put on notice in 2014 and have repeatedly refused Nadav's offer to enter into discussions to compensate Nadav for past infringement and use of the artistic elements copied from the *Paris Logos*.

9. In view of Defendants' activities, including but not limited to unauthorized past, current and continued use of the *Cher Logos*, Nadav pursues this action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. Nadav seeks injunctive relief, treble damages and attorney fees stemming from Defendants' blatant and willful infringement of the *Paris Logos*.

**THE PARTIES**

10. Plaintiff Moshik Nadav is an individual residing in Brooklyn, NY. Nadav is the creator and owner of the *Paris Logos*.

11. Plaintiff Moshik Nadav Typography LLC, is a limited liability company organized under the laws of New York with its main office located at 101 Bedford Avenue, B-409, Brooklyn, New York 11211. Plaintiff Nadav is the owner of Moshik Nadav Typography LLC.

12. Upon information and belief, Defendant Genesh Productions LLC is a limited liability company organized under the laws of Delaware and has a place of business at 9100 Wilshire Blvd, Suite 1000W, Beverly Hills, CA 90212.

13. Upon information and belief, Defendant Cherilyn Sarkisian, also known as "Cher", is an individual residing in California. Upon information and belief, Cher is an owner and principal of Genesh Productions LLC. Upon information and belief, Defendants Genesh and Cher produced the "Closer to the Truth" studio album.

14. Upon information and belief, Defendant Warner Brothers Records Inc. ("WB") is a corporation organized under the laws of Delaware and has a place of business at 1633 Broadway, New York, NY 10019. Upon information and belief, WB is the company that released the "Closer to the Truth" studio album to the public and is involved with the marketing and promotion of the "Closer to the Truth" studio album to the public.

15. Upon information and belief, Defendant Smog Design Inc. is a corporation organized under the laws of California and has a place of business at 1725 Silver Lake Blvd, Los Angeles, CA 90026.

16. Upon information and belief, Defendant Ryan Corey is an individual residing in California. Upon information and belief, Corey is a principal at Smog.

17. Upon information and belief, Defendants Smog and Corey are the designers that created the *Cher Logos*.

## JURISDICTION AND VENUE

18. This is an action for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 et seq. Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has subject matter jurisdiction for acts of copyright infringement.

19. Pursuant to 28 U.S.C. § 1332, this Court also has subject matter jurisdiction as there is diversity jurisdiction as Defendants Genesh, Cher, Smog and Corey are residents of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

20. Defendants have been doing business in this District, and have and are advertising, distributing, offering for sale, and selling products that infringe Plaintiffs copyrights to persons located within this District.

21. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants: (1) transact business within this District; (2) contract to supply goods or services in this District; (3) have committed a tortious act within this District; (4) have committed a tortious act causing injury to Plaintiffs within this District; (5) regularly do or solicit business, or engage in other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in this District; (6) expect or should reasonably expect their acts to have consequences in this District and derive substantial revenue from interstate or international commerce; (7) have systematic and continuous contacts with this District; (8) continue to

transact and do business in this District; and (9) have websites and social media accounts that are accessible in this District.

22. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) because a substantial part of the wrongful events giving rise to the claims asserted herein occurred in this District, and a substantial portion of the wrongful events at issue have arisen and/or will arise in this judicial district and Plaintiffs have suffered harm in this District.

## STATEMENT OF FACTS

A.  Plaintiffs' Considerable Fame in the Graphic Design and Typography Industry

23. Nadav realleges all of the foregoing paragraphs as if set forth specifically herein.

24. Plaintiff Moshik Nadav is a well-known graphic designer and a leading figure in the world of typography.

25. Nadav established his typography and graphic design business in Israel in 2009. In October 2013, Nadav relocated his business to New York, where he founded Moshik Nadav Typography LLC ("MNT"), an innovative typography and graphic design business that offers graphic design services to leading companies, brands and individuals from around the world.

26. MNT focuses on the creation of various logos and artistic typefaces that are sold to customers. MNT sells both commercial and non-commercial licenses to Nadav's work and Nadav's clients include many international brands and well-respected companies such as VOGUE, Estee Lauder, ELLE UK, Ann Taylor, Volkswagen, Harrods, Target, The Fast Company and GQ magazine.

27. Nadav's work is frequently displayed on important design websites such as www.behance.net (on October 3rd, 2011) and www.typographyserved.com (on November 13, 2012). Nadav's work was viewed almost 1,000,000 times on the Behance website alone.

6

28. Nadav's well-respected logos and typefaces have been published in large and well-known typography websites, as well as in inspiration and trends websites, such as www.typoken.net, http://ffffound.com, and http://trendland.com – all of which are frequented by graphic designers.

29. Nadav's Facebook page has more than 219,000 fans, making it one of the most popular Facebook pages in the typography and design industry.

30. Nadav's Paris Typeface was recently published on the cover of the October 10, 2016 special issue of VOGUE magazine.

31. Nadav's style is well known in the graphic design and typography industries, and graphic designers are able to identify the unique artistic elements of Nadav's style in his work (¶ 20 of Esquer Declaration).

32. Furthermore, Nadav's clients, graphic designers and the public at large love Nadav's unique artistic style which is associated with his work. Nadav's unique and artistic style has led to his success as graphic designer.

B. <u>Plaintiffs' Intellectual Property</u>

33. In October 2011, Nadav created a distinctive and unique artistic typeface, which was published and marketed under the registered trademark "Paris." This unique work won international accolades from both critics and peers and many customers associate the "Paris" typeface to be a cornerstone of Nadav's business, branding and advertising.

34. The Paris typeface includes, *inter alia*, the logo shown in the image annexed hereto as Exhibit 1, and is referred to as the *Paris Logo*.

35. The *Paris Logo* is a wholly original artistic logo created by Nadav and constitutes copyrightable subject matter that is protected against unauthorized copying under the laws of the

United States.  The U.S. Copyright Office issued a copyright registration for the *Paris Logo* (Registration No. VA 1-909-907) entitled "*Paris Logo*" effective June 11, 2014 (see Exhibit 1).

36.     In 2012, while also in Israel, Nadav created a new version of the "Paris" typeface. This new typeface, also wholly owned and designed by Nadav, was published and marketed under the name "Paris Pro."  Paris Pro was received in a similar fashion from Nadav's customers and drew considerable interest from Nadav's growing US and international fan base.

37.     The Paris Pro typeface includes, *inter alia*, the logo shown in the image annexed hereto as Exhibit 2, and is referred to as the *Paris Pro Logo*.

38.     The *Paris Pro Logo* is a wholly original artistic logo created by Nadav and constitutes copyrightable subject matter that is protected against unauthorized copying under the laws of the United States.  The U.S. Copyright Office issued a copyright registration for the *Paris Pro Logo* (Registration No. VA 1-909-907) entitled "Paris Pro Design" effective May 6, 2014 (see Exhibit 2).

39.     Nadav has used the *Paris Logo* in commerce since at least 2011 and the *Paris Pro Logo* in commerce since at least 2012 in connection with his website: www.moshik.net.

40.     Furthermore, Nadav has routinely applied the *Paris Logos* to advertising and promotional materials and other displays associated with their goods at the point of sale for their typographical related products.

41.     In November 2012, Nadav was interviewed about his work on Paris and Paris Pro, and their associated typefaces for one of the most important typography design magazines – "Slanted" - http://www.slanted.de/eintrag/paris-pro.  Annexed hereto as Exhibit 3 is a copy of the publication from this magazine.

42. As a result of widespread promotion over the internet and through international accolades, the *Paris Logo* and *Paris Pro Logo* ("*Paris Logos*") have become well-known, and are recognized by Nadav's clients, graphic designers, and the industry as a whole as being associated with Nadav and his business, Moshik Nadav Typography LLC.

C. <u>Defendants' Unlawful Activities – Creation of the *Cher Logos*</u>

43. Upon information and belief, a studio album entitled "Closer to the Truth" was produced by Defendants Cher and Genesh. This studio album focuses on the music of Defendant Cher – a renowned musician, entertainer and actress.

44. Upon information and belief, the "Closer to the Truth" studio album was Cher's twenty-fifth studio album and was a large commercial success, debuting and peaking at number three on the U.S. *Billboard* 200 with first-week sales of 63,000 copies.

45. Upon information and belief, "Closer to the Truth" is Cher's highest-peaking solo album in the United States and has sold at least 285,000 copies in the United States and has exceeded sales of 585,000 copies worldwide since its release to the public on September 20, 2013. Annexed hereto as Exhibit 4 is a screenshot of the album cover of the "Closer to the Truth" studio album.

46. The "Closer to the Truth" album cover includes a photograph of Cher and also includes the *Cher Logo* and the *Closer to the Truth Logo*. Annexed hereto as Exhibit 5 is an exploded screenshot of the *Cher Logo* and the *Closer to the Truth Logo* (collectively, "the *Cher Logos*").

47. Upon information and belief, Defendants Genesh and Cher commissioned Defendants Smog and Corey to create the artwork for the "Closer to the Truth" album cover. Upon information and belief, Defendants Smog and Corey created the *Cher Logos* displayed on the cover of the "Closer to the Truth" studio album.

48. Upon information and belief, Defendants Smog and Corey had access to and viewed Nadav's *Paris Logos* and artistic works prior to creating the *Cher Logos*. Upon information and belief, Smog and Corey's access to the *Paris Logos* included Nadav's website or a third party website, such as Behance. Upon information and belief, Smog and Corey reviewed design websites that display the *Paris Logos* and reviewed such websites prior to creating the *Cher Logos*.

49. Upon information and belief, Defendants Smog and Corey copied from original elements in the *Paris Logos* and used these copied elements to create the *Cher Logos*.

50. Upon information and belief, Defendants Smog and Corey copied from the software on Nadav's website or a third party website and used such copied software to copy original elements in the *Paris Logos*.[5]

51. Upon information and belief, Defendants Smog and Corey took a screenshot of the *Paris Logos* on Nadav's website or a third party website and used the screenshot to copy original elements in the *Paris Logos*.

52. Upon information and belief, Defendants Smog and Corey downloaded software on Nadav's website or a third party website and used the downloaded software to copy original elements in the *Paris Logos*.

53. Upon information and belief, Defendants Smog and Corey downloaded software on Nadav's website or a third party website without Nadav's permission or authorization and without a license. Upon information and belief, Defendants Smog and Corey used the downloaded software to create the *Cher Logos*.

---

[5] Nadav has also filed copyright applications on software for the Paris and Paris Pro typefaces. Nadav reserves the right to amend this Complaint to introduce the registrations for the software applications, as necessary.

54. Upon information and belief, Defendants Smog and Corey intentionally copied or caused to be copied elements from the *Paris Logos*, and used identical, or nearly identical elements in the *Cher Logos*.

55. Upon information and belief, Defendants Smog and Corey engaged in actual copying of the *Paris Logos*, or, alternatively created derivative work(s) from the *Paris Logos*.

D. Substantial Similarity between the *Paris Logos* and the *Cher Logos*

56. Actual copying (or, in the alternative, striking similarity, or, in the alternative, substantial similarity) between the *Paris Logos* and the *Cher Logos* is discernible from the comparison below as well from the Declaration of Rafael Esquer submitted in support of this Complaint (see Exhibit 6).

57. Upon information and belief, the *Cher Logos* feature various artistic elements which are substantially similar or virtually identical to the artistic elements featured in the *Paris Logos* (¶¶ 48-64 of the Esquer Declaration).

58. Upon information and belief, the overall look and feel of the *Paris Logo* and *Cher Logo* are substantially similar and artistic elements from the *Paris Logo* were copied to create the *Cher Logo* (see ¶ 50 of the Esquer Declaration).

59. Upon information and belief, the swashes in the *Paris Logo* and *Cher Logo* are substantially similar or virtually identical (¶¶ 52, 55 of the Esquer Declaration). As shown below, the swashes have virtually the same shape and create an overall look and feel that is substantially similar between the logos.

 



60. Upon information and belief, the end drops in the *Paris Logo* and the *Cher Logo* are substantially similar or virtually identical (¶ 53 of the Esquer Declaration), as these end drops are located in substantially the same position on both logos as have the same orientation extending from left to right in each logo.



61. Upon information and belief, the thickness of the swashes in *Paris* and the swash in *Cher* are substantially similar or virtually identical (¶ 54 of Esquer Declaration).



62. Upon information and belief, the loop in the letter *r* in *Paris* and the letters *r* and *h* in *Cher* are also substantially similar or virtually identical (¶ 56 of the Esquer Declaration).

12



63. Upon information and belief, the lettering in the *Cher Logo* is a blatant copy of the lettering in the *Paris Logo*. Upon information and belief, various letters were copied from the *Paris Logo* and the Paris Typeface and were used to create the *Cher Logo* and the *Closer to the Truth Logo* (¶¶ 58-62 of the Esquer Declaration).



13



64. Upon information and belief, the loop in the letter *r* in *Paris Pro* and the letters *r*

14

and *h* in *Cher* are also substantially similar or virtually identical (¶ 63 of the Esquer Declaration).



65. Upon information and belief, the *Cher Logos* were created by copying from both the *Paris Logo* and the *Paris Pro Logo*, each individually and collectively, as well as from the Paris and Paris Pro typefaces created by Nadav (¶¶ 58-64 of the Esquer Declaration).

66. Upon information and belief, The *Paris Logos* and *Cher Logos* have a substantial degree of similarity.

67. Upon information and belief, the substantial degree of similarity of the *Cher Logos* to the *Paris Logos*, as well as copying various elements from Nadav's website clearly demonstrate the intentional copying of the *Paris Logos* by Defendants.

E. Defendants' Unlawful Activities – Commercial Use of *Cher Logos* on the Album Cover of the "Closer to the Truth" Studio Album

68. Defendants have used the *Cher Logos* commercially in the "Closer to the Truth" album and in merchandise sales, and such infringing acts have occurred in the United States and throughout the world.

69. Upon information and belief, Defendants are continuing to promote and sell copies of the "Closer to the Truth" album on the internet including http://cher.com/ and on

15

iTunes. Annexed hereto as Exhibit 7 is a copy of Cher's website and iTunes, offering for sale the "Closer to the Truth" album throughout the United States, including the State of New York.

70. Upon information and belief, Defendants are continuing to use the *Cher logo* in additional singles and remixes. Specifically, the infringing *Cher logo* is used in "Take It Like a Man" released in 2013, "Take It Like a Man (Remixes)" released in 2014, "I Hope You Find It / Woman's World" released in 2013 and "I Walk Alone (Remixes)" released in 2014 (hereinafter "Additional Single Covers"). Annexed hereto as Exhibit 8 is a copy of screenshots of the Additional Single Covers.

71. Upon information and belief, each of the Additional Single Covers use the *Cher Logo*. Defendants also use the *Cher Logo* commercially in concert tour and merchandise sales associated with the Additional Single Covers, and such infringing acts have occurred in the United States and throughout the world.

72. Upon information and belief, Defendant are continuing to promote and sell copies of the Additional Single Covers on the internet including http://cher.com/ and on iTunes. Sales of the Additional Single Covers and associated products occur throughout the United States, including the State of New York.

F.   <u>Nadav's Pre-Lawsuit Investigation into Defendants' Infringement</u>

73. Upon learning of the infringement caused by the *Cher Logos* displayed on the "Closer to the Truth" studio album, Nadav approached Defendants Genesh and Cher to enter into meaningful discussions to compensate Nadav for past infringement and future use of the copied artistic elements from the *Paris Logos* (see attached Correspondence as Exhibit 9 (w/o Exhibits in correspondence).

74. Nadav pointed out to Defendants that substantial copying had been made of his works and included charts demonstrating the artistic elements copied from the *Paris Logos*.

16

75. As part of his pre-lawsuit investigation, Nadav asked Defendants Genesh and Cher to reveal the identity of the designer and to provide materials used to create the *Cher Logos* in order to conduct his pre-lawsuit investigation.

76. However, despite multiple requests, Genesh and Cher for months hid the identity of the designer and refused to provide the materials used to create the *Cher Logos* – materials, which will clearly demonstrate the access and the copying of the *Paris Logos* by Cher's designer.

77. Nadav subsequently identified the designer of the *Cher Logos* to be Defendants Smog and Corey. Smog and Corey also refused to provide the materials used to create the *Cher Logos* and refused all offers from Nadav for settlement or license (see attached Correspondence as Exhibit 10).

78. To date, no materials have been provided to Nadav despite his many requests for this information.

79. Nadav has exhausted all remedies to collect the materials used to create the *Cher Logos* other than filing this Complaint to which he will seek discovery directed to the materials used to create the *Cher Logos*.

80. Since being put on notice, Defendants have continued to market and sell copies of the "Closer to the Truth" studio album containing the infringing *Cher Logos* despite multiple requests from Nadav to cease all use of these infringing logos.

## CAUSE OF ACTION: FEDERAL COPYRIGHT INFRINGEMENT

81. Nadav realleges all of the foregoing paragraphs as if set forth specifically herein.

82. Upon information and belief, Defendants had access to the copyrighted *Paris Logos* prior to the creation, reproduction or other use of the *Cher Logos* prominently displayed on the album cover for the "Closer To the Truth" studio album and Additional Single Covers

sold by Defendants.

83. By their actions, as alleged above, Defendants have infringed and violated Plaintiffs' exclusive rights under copyrights in violation of the Copyright Act, 17 U.S.C. §501, by producing, distributing and selling products that bear designs that are strikingly and/or substantially similar to, and/or constitute derivative works of, Nadav's copyrighted *Paris Logos* all without Nadav's authorization or consent.

84. Upon information and belief, Defendants' infringement of Nadav's copyrights is willful and deliberate and Defendants have profited at the expense of Nadav.

85. Defendants' conduct constitutes, at the very least, reckless copyright infringement in disregard of Nadav's rights.

86. These wrongful acts have caused irreparable injury to Nadav. Unless such acts are restrained and enjoined by this Court, Defendants will continue to infringe upon Nadav's intellectual property, and the resulting damage to Nadav will be substantial, continuing and irreparable.

87. Nadav seeks injunctive relief, treble damages and attorney fees stemming from Defendants' blatant and willful infringement of the *Paris Logos*.

## PRAYER FOR RELIEF

WHEREFORE, Nadav demands judgment be entered in its favor and against Defendants as follows:

A. That judgment be entered in favor of Nadav and against Defendants on each and every Claim in the Complaint;

B. That Defendants be held to be willful infringers and treble damages be levied against Defendants;

    C.  That Nadav receive direct and consequential damages in an amount to be determined at trial in excess of $5,000,000;

    D.  For interest on the above damages, from the date on which the damages were incurred;

    E.  That Nadav be awarded punitive damages;

    F.  That Nadav be awarded reasonable attorneys' fees, costs and disbursements upon prevailing in this action; and

    G.  That Nadav be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Nadav demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

Date: December 21, 2016

s/Roy D. Gross/
Roy D. Gross (Bar No. RG0416)
The Roy Gross Law Firm, LLC
138 Old Kings Highway
Wilton, Connecticut 06897
Telephone: (203) 423-0235
roy@rgrosslaw.com

*Attorney for Plaintiffs Moshik Nadav and Moshik Nadav Typography LLC*