SILLS CUMMIS & GROSS P.C.
KENNETH R. SCHACHTER
101 Park Avenue, 28th Floor
New York, NY 10178
kschachter@sillscummis.com
Tel.: 212-643-7000
Fax: 212-643-6500

BUCHALTER
A Professional Corporation
LEONARD D. VENGER *(pro hac vice to be filed)*
STEPHEN J. STRAUSS *(pro hac vice to be filed)*
MATTHEW L. SEROR *(pro hac vice to be filed)*
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

Attorneys for Defendants
GENESH PRODUCTIONS LLC and CHER (erroneously sued as CHERILYN SARKISIAN

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOSHIK NADAV; MOSHIK NADAV TYPOGRAPHY LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>GENESH PRODUCTIONS LLC; CHERILYN SARKISIAN; WARNER BROS. RECORDS; SMOG DESIGN INC.; and RYAN COREY<br><br>Defendants. | Civil Action No. 1:16-cv-9838 (AKH)<br><br>**GENESH PRODUCTIONS LLC'S AND CHERILYN SARKISIAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** |

Defendants Genesh Productions LLC and Cher (erroneously sued as Cherilyn Sarkisian) (collectively, "Cher Defendants") hereby move for an order dismissing Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

I. **Factual Background**

Plaintiffs filed the instant action on December 21, 2016 against Cher Defendants and Warner Bros. Records, Smog Design, Inc. and Ryan Corey. Plaintiffs' complaint (Court Docket Entry # 5) includes a single cause of action for copyright infringement and alleges that in 2011 Plaintiffs created "a distinctive and unique artistic typeface" which Plaintiffs published and marketed under the name "Paris." Complaint, ¶ 33. Thereafter, Plaintiffs created "a new version of the 'Paris' typeface," which was marketed and sold under the name "Paris Pro." Complaint, ¶ 36. Plaintiffs allege that the Paris typeface and the Paris Pro typeface were used to create two logos, the Paris Logo and the Paris Pro Logo:

 

Plaintiffs' complaint alleges that the Paris and Paris Pro *logos* have been registered with the United States Copyright Office. Complaint ¶¶ 35 and 38. Plaintiffs' do not allege that either the Paris *typeface* or the Paris Pro *typeface* are registered with the Copyright Office.[1]

Plaintiffs allege that Cher Defendants used two logos (defined in the Complaint as the Cher Logos) in connection with a musical album:

 

---

[1] This is likely because pursuant to 37 CFR § 202.1 (and as is detailed more fully herein) typefaces are not subject to copyright protection.

Plaintiffs allege that the Cher Logos infringe upon Plaintiffs' rights in the Paris Logo and the Paris Pro Logo.

## II.     Standard on Motions to Dismiss Under Rule 12(b)(6)

On a motion to dismiss filed under Rule 12(b)(6), the court is required to accept as true all factual allegations, but need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations … a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F. 3d 89, 95 (2d Cir. 2007). A motion to dismiss should be granted where plaintiff alleges a claim that is not legally feasible. *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 379 F. Supp. 2d 348, 367 (S.D.N.Y. 2005).

When ruling on a motion to dismiss, the court can consider the allegations of the complaint and documents attached to the complaint as exhibits or incorporated by reference. *Chambers v. Time Warner, Inc.* 282 F.3d 147, 153 (2d Cir. 2002). In copyright infringement actions, where the works are attached to or referenced in the complaint, the district court can consider the similarity (or dissimilarity) between the competing works in connection with a motion to dismiss. *Peter F. Gaito Architecture, LLC v. Simone Devt. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010).

The dismissal of a complaint pursuant to Rule 12(b)(6) should be made without leave to amend where amendment would be futile. O*rchard Hill Master Fund, Ltd. v. SBA Communs. Corp.*, 830 F.3d 152, 160 (2d Cir. 2016); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d. Cir. 1990) (leave to amend should be denied where "there is no merit in the proposed amendments").

## III.    Plaintiffs' Copyright Infringement Claim Fails as a Matter of Law

### A.  Typefaces Are Not Subject to Copyright Protection

Typefaces are not subject to copyright protection. 37 CFR § 202.1. As a result, any claim premised upon the copyrightability of typefaces fails as a matter of law. In a section entitled, "Material Not Subject to Copyright," 37 CFR § 202.1 provides:

> The following are examples of works not subject to copyright and

3

applications for registrations of such works cannot be entertained:
(a) Words and short phrases such as names, titles, and slogans; familiar symbols or designs; **mere variations of typographic ornamentation, lettering or coloring**; mere listing of ingredients or contents;
[…]
(e) **Typeface as typeface.**
See 37 CFR § 202.1, emphasis added.

Courts have long held that fonts and typefaces are not subject to copyright protection. See *Harris v. Simon & Schuster, Inc.* 646 F.Supp. 2d 622, 632 (S.D.N.Y. 2009) ("[F]onts are not protected by the federal copyright statute […]"); *Eltra Corp. v. Ringer*, 1976 U.S. Dist. LEXIS 12611 (E.D. Va. 1976), holding that typefaces are not entitled to copyright protection until the legislature makes a change to the law, even when the typefaces are unique.

Based on the foregoing, Plaintiffs' claim of infringement of their Paris and Paris Pro typefaces fails as a matter of law and must be dismissed.

<u>Plaintiffs' Claimed Logos Are Not Substantially Similar to the Cher Logos</u>

Perhaps based on the inability to rely on their typefaces as the basis for their claim, Plaintiffs also allege that the Cher Logos are substantially similar to the Paris Logo and the Paris Pro Logos, for which Plaintiffs own copyright registrations. That claim fails as a matter of law due to the profound differences between Plaintiffs' Logos and allegedly infringing works.

In the Second Circuit, the test for substantial similarity between two items is the "ordinary observer" test, which asks whether an "ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d. Cir. 2001) (quoting *Hamil America*, 193 F.3d at 100). Where the works at issue contain both protectable and non-protectible elements, "the usual 'ordinary' test becomes 'more discerning,' and requires the Court to 'attempt to extract the unprotectible elements from … consideration and ask whether the protectable elements standing alone, are substantially similar.'" *Allen v. Scholastic, Inc.*, 739 F. Supp. 2d 642, 654 (S.D.N.Y. 2011) quoting *Valez v. Sony*, 2007 U.S. Dist. LEXIS 5495, 2007

WL 120686 at *7 (S.D.N.Y. 2007) and *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F. 3d 996, 1002 (2d Cir. 1995).  Plaintiffs' alleged typefaces are not protectable as a matter of law and, therefore, must be excluded from the substantial similarity analysis.  The word "Paris" is unquestionably in the public domain and therefore also not subject to copyright protection.  While it is unlikely that the combination of the words "Paris" and "Pro" are sufficiently original to qualify for copyright that analysis is not necessary here insofar as the Cher Logos do not contain either word.

The Court is permitted to make the determination that the two works are not substantially similar as a matter of law.  *Ellis v. Wyclef Jean & Sony Music Holdings, Inc.*, 2011 U.S. Dist. LEXIS 146700 (S.D.N.Y. 2011), *citing Peter F. Gaito Architecture, LLC v. Simone Devt. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) ("in certain circumstances, it is entirely appropriate for a district court to resolve [the question of substantial similarity] as a matter of law, 'either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar.'")

The Paris and Paris Pro Logos share just one letter with the Cher Logos – an "r."  In addition, Plaintiffs' attempts to rely on other letters included within the Paris typeface (but not in the Paris or Paris Pro Logos) to support their infringement claim is improper and unavailing.[2]  Only those portions of the copyrighted work appearing in the deposit copy filed with the copyright application can be used for the substantial similarity analysis.  *Peter F. Gaito Architecture, supra,* 602 F.3d at 64 (in copyright infringement actions, "the works themselves supercede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings.")

The Cher Defendants submit that Plaintiffs' purported works and the allegedly infringing works are not substantially similar as a matter of law and, as a result, Plaintiffs' Complaint must

---

[2] In paragraph 63 of the Complaint, Plaintiffs compare the letters, "e," "l," "T," "t," and "u" of the Paris *typeface* with these same letters found in the Cher Logos.

be dismissed.[3]

### IV.     Conclusion

Plaintiffs' complaint must be dismissed because the claim asserted therein fails as a matter of law.  Not only are typefaces unprotectible under the Copyright Act as a matter of law, but the two works at issue are not substantially similar.  Moreover, because amendment would be futile, Cher Defendants request that the dismissal of the Plaintiffs' Complaint be without leave to amend.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED:  March 6, 2017 | Sills Cummis & Gross P.C. |
|  | By:  s/Kenenth R. Schachter |
|  | Kenneth R. Schachter |
|  | 101 Park Avenue, 28th Floor |
|  | New York, New York 10178 |
|  | kschachter@sillscummis.com |
|  | 212-643-7000 |
|  | *Attorneys for Defendants* |
|  | GENESH PRODUCTIONS LLC and |
|  | CHERILYN SARKISIAN |

---

[3] Plaintiffs allege in footnote 5 of the Complaint that they have "filed copyright *applications* on software for the Paris and Paris Pro typefaces." [Emphasis added].  However, the Copyright Act prohibits maintenance of a copyright infringement action without an issued copyright registration, or the rejection of a copyright application by the US Copyright Office. See 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright . . . shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.").  The Second Circuit, as well as the courts in this district, have consistently held that Courts lack subject matter jurisdiction in a copyright infringement action unless a claimant has a registration or its registration has been denied. *Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 453 (2d Cir. 1989) (registration is prerequisite to copyright infringement claim); *Tuff-N-Rumble v. Sugarhill Music Publ'g Inc.*, 49 F. Supp. 2d 673, 677 (S.D.N.Y. 1999) ("District courts are without subject matter jurisdiction to hear claims for federal copyright infringement unless a party asserts in his pleadings that he has received an actual certificate of registration or its denial from the Copyright Office.").  See, also, *Palatkevich v. Choupak*, No. 12 Civ. 1681 (CM), 2014 U.S. Dist. LEXIS 10570, at *28 (S.D.N.Y. Jan. 24, 2014) (granting defendant's Rule 12(b)(6) motion to dismiss the copyright claims because the plaintiffs failed to allege in the complaint that they held copyright registrations in the software works).  Therefore, should this court grant Cher Defendants' motion to dismiss, Plaintiffs cannot maintain this action based on their pending software copyright applications.